# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **BOBBY SELLEW,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:17-cv-01926-RDP** |
| | } | |
| **THE TERMINIX INTERNATIONAL CO.,** | } | |
| **L.P., et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

This case is before the court on Defendants' (collectively referred to as "Terminix") Motion to Stay Litigation and Compel Arbitration.  (Doc. # 3).  Plaintiff has responded to the Motion to Compel Arbitration (Doc. # 4), and the motion is under submission.  After careful review, the court concludes that the Motion to Compel Arbitration is due to be denied without prejudice.

The parties have presented the court with a battle of the arbitration agreements.  Terminix argues that it entered into the relevant contractual agreement in 1995.  (Doc. # 3 at 2-3).  The 1995 contract provides that "any controversy or claim between [the purchaser and Terminix] arising out of or relating to this agreement" shall be resolved through arbitration "conducted in accordance with the Commercial Arbitration Rules then in force of the American Arbitration Association."  (Doc. # 3-2 at 3).  Terminix insists that this arbitration clause should be enforced because Plaintiff alleges that Terminix failed to perform certain obligations it entered into through the 1995 contract.  (Doc. # 3 at 4-5).

In contrast, Plaintiff alleges that Terminix entered into the relevant contractual agreement in 2002. (*See* Complaint at ¶¶ 13-18, 23, 26).[1] The 2002 contract provides that any dispute or claim arising out of the contract will be "resolved by neutral binding arbitration by the National Arbitration Forum or any otherwise mutually agreeable arbitrator, under the Code of Procedure of the National Arbitration Forum in effect at the time the claim is filed." (*Id.* at ¶ 13; Doc. # 1-1 at 30). Plaintiff explains that the National Arbitration Forum's code of procedure requires the arbitrator to be mutually chosen from its arbitrator roster or by appointment of the National Arbitration Forum. (Complaint at ¶ 15). But, he alleges that arbitration under this essential term is impossible because the National Arbitration Forum no longer accepts consumer arbitration cases.[2] (*Id.* at ¶¶ 13-14, 16).

The record before the court is insufficient to determine which arbitration provision to apply. While the Complaint alleges that Terminix initially failed to treat the house in 1995 (Complaint at ¶¶ 20-21), it also alleges that Terminix continued its inadequate pest control treatments after 2002. (*Id.* at ¶ 28). Moreover, Plaintiff indicates in the opposition brief that the 1995 contract is not at issue in this case because it lapsed in 1998. (Doc. # 4 at 5 n. 1). And, the 2002 contract presented by Plaintiff states that "[t]his Termite Plan, these Terms and Conditions and the Inspection Graph constitute the entre Agreement between the parties and no other

---

[1] The Complaint has been filed in Document # 1-1 as part of the state-court record and is located on pages 3 through 28 of Document # 1-1.

[2] Further factual development is needed to determine whether the choice of the National Arbitration Forum in the 2002 contract is an essential element of the contract or an ancillary concern. After additional discovery, if any party seeks to enforce the arbitration provision in the 2002 contract, the parties will need to address whether the choice of arbitrator agency was important to one or both of the parties when they entered into the 2002 contract. *Inetianbor v. CashCall, Inc.*, 768 F.3d 1346, 1350 (11th Cir. 2014). On the one hand, the arbitration clause in the 2002 contract permits the National Arbitration Forum or an "otherwise mutually agreeable arbitrator" to conduct arbitration, suggesting that the parties did not intend for the National Arbitration Forum to be the exclusive forum for arbitration. (Doc. # 1-1 at 30). On the other hand, the arbitration clause in the 2002 contract states that the arbitration complaint "shall be filed at any National Arbitration office, www.arb-forum.com, or by calling 1-800-474-2371," indicating that the parties intended for the National Arbitration Forum to be the arbitration forum. (*Id.*). In any event, the court need not decide at this juncture whether the arbitration clause in the 2002 contract is enforceable because Terminix has not asked the court to enforce that particular arbitration provision.

representations or statements will be binding upon the parties." (Doc. # 1-1 at 30). Neither Plaintiff nor Terminix addresses whether the 1995 contract -- including its arbitration agreement -- is superseded by operation of this merger clause in the 2002 contract. For these reasons, the record before the court is insufficient to show that the claims in this action arise out of the 1995 contract or that the arbitration provision therein is enforceable against Plaintiff, and this battle ends in a stalemate. Therefore, it appears, the arbitration war continues.

Terminix's Motion to Compel Arbitration (Doc. # 3) is due to be denied without prejudice. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this January 22, 2018.

 

 

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE